## UNITED STATES *v.* WHEELOCK BROS., INC.

NO. 169.

Argued January 3, 1951.—Decided May 7, 1951.

*Oscar H. Davis* argued the cause for the United States. With him on the brief were *Solicitor General Perlman, Acting Assistant Attorney General Clapp, Paul A. Sweeney* and *Melvin Richter.*

*Max Siskind* argued the cause for Wheelock Bros., Inc. With him on the brief were *Franklin N. Parks* and *Leo B. Parker.*

*Brent O. Stordahl* and *Nils A. Boe* filed a brief for Robert G. May, as *amicus curiae,* in support of Wheelock Bros., Inc.

PER CURIAM.

Wheelock Bros., Inc., a private motor carrier, sued in the Court of Claims to recover just compensation for an alleged temporary taking of its properties and business by the United States pursuant to Executive Order No. 9462. 9 Fed. Reg. 10071 (1944). The Court of Claims entered judgment awarding Wheelock Bros., Inc., just compensation in an amount less than that claimed. 115

Ct. Cl. 733, 88 F. Supp. 278 (1950). We granted certiorari on the petitions of both parties. 340 U. S. 808 (1950).

While the action was pending in the Court of Claims, Congress passed the Motor Carrier Claims Commission Act,* providing that that Commission "shall hear and determine, according to law, existing claims against the United States arising out of the taking by the United States of possession or control of any of the motor-carrier transportation systems described in Executive Order Numbered 9462 . . . ." Section 2. Within the time provided in the Act and before entry of judgment in the Court of Claims, Wheelock Bros., Inc., filed its claim with the Commission.

At the threshold, we are met with the question whether the Court of Claims had jurisdiction to enter judgment in this case. Congress, in § 6 of the Motor Carrier Claims Commission Act, expressly provided:

> "The jurisdiction of the Commission over claims presented to it as provided in section 2 of this Act shall be exclusive; but nothing in this Act shall prevent any person who does not elect to present his claim to the Commission from pursuing any other remedy available to him."

Wheelock Bros., Inc., by filing its claim with the Commission, did elect to present it to that tribunal. The Commission's jurisdiction over the claim being "exclusive," the Court of Claims was without jurisdiction to enter judgment in this case. For this reason, the judgment below is vacated and the case is remanded to the Court of Claims with instructions to dismiss the claim in that court.

*It is so ordered.*

---

*62 Stat. 1222 (1948), as amended, 62 Stat. 1289, 1290 (1948), 63 Stat. 80 (1949).